IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CAROL J. HORTON,

        Plaintiff,

v.                               CIVIL ACTION NO.   5:16-cv-08512

SYNCHRONY BANK and
EXPERIAN INFORMATION
SOLUTIONS, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint* (Document 1-1) and the *Defendant Synchrony Bank's Answer and Affirmative Defenses* (Document 8).   The Court has also reviewed the *Defendant Synchrony Bank's Motion for Partial Judgment on the Pleadings* (Document 9) and *Memorandum of Law in Support* (Document 10), the *Plaintiff's Response in Opposition* (Document 11), and the *Reply to Plaintiff's Response in Opposition* (Document 14).   For the reasons stated herein, the Court finds that the motion should be granted.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

The Plaintiff, Carol J. Horton, initiated this action on June 21, 2016, by filing her complaint in the Circuit Court of Raleigh County, West Virginia.   Defendants Synchrony Bank ("Synchrony") and Experian Information Solutions, Inc., removed the matter to federal court on the basis of diversity jurisdiction on September 2, 2016.

Ms. Horton was an authorized user, but not a joint obligor, on a JCPenney credit card account issued to her husband by Synchrony. In 2012, Ms. Horton's husband filed a lawsuit against Synchrony regarding the collection of this credit card account. That lawsuit was eventually settled, and Synchrony agreed to forgive the balance of the account entirely. Despite this settlement, Ms. Horton alleges that Synchrony reported to credit reporting agencies that Ms. Horton was obligated on the JCPenney account and that the account was delinquent. Ms. Horton first allegedly disputed her obligation on the account in October 2013, and on October 9, 2014, through counsel, Ms. Horton demanded that Synchrony validate its claim that she was obligated on the account.

Ms. Horton alleges that, after a second letter sent directly to JCPenney, Synchrony responded directly to her with a letter stating that it was attempting to resolve the matter. However, Ms. Horton alleges that credit reporting agencies continued to report her as a delinquent account holder with Synchrony in regards to the JCPenney credit card account. Ms. Horton alleges that, because of the continued reporting of her delinquency by credit reporting agencies, her credit score has dropped from 800 to 705, and that she was denied credit in July of 2014.

Ms. Horton alleges in her complaint that Synchrony violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va. Code § 46A-1-101 *et seq.*; and the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Defendant Synchrony Bank filed its motion for partial judgment on the pleadings on September 21, 2016. The Plaintiff responded on October 5, 2016, and Synchrony replied on October 12, 2016. The motion is ripe for review.

2

## STANDARD OF REVIEW

A motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion filed under Rule 12(b)(6), testing the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999); *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id*. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) or 12(c) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

Synchrony moves for partial judgment on the pleadings, asserting that Counts V and VI of the Plaintiff's claims against Synchrony should be dismissed. Synchrony asserts that the Plaintiff's WVCCPA claims in Count V should be dismissed because they are preempted by the FCRA. Synchrony argues that the FCRA explicitly preempts all actions arising from state laws relating to the responsibilities of entities that furnish information to consumer reporting agencies, and that the Plaintiff's alleged WVCCPA claims are thereby preempted. The Plaintiff argues that the FCRA does not preempt her WVCCPA claims because her WVCCPA claims arise from conduct that allegedly occurred separately from Synchrony's FCRA violations. Synchrony also argues that the Plaintiff's FDCPA claims should be dismissed. The Plaintiff agrees that her claims alleging violations of the FDCPA should be dismissed and consents to withdrawing them. The

Court finds that the Plaintiff's FDCPA claims should be dismissed and only addresses Synchrony's arguments concerning the Plaintiff's WVCCPA claims.

The FCRA "generally requires that furnishers [of credit information] report only accurate information to [credit reporting agencies], and it imposes a further duty on furnishers to verify the sufficiency and accuracy of reported information once they are notified of a possible error by a CRA or consumer." *Evans v. Trans Union, LLC*, No. 2:10-cv-00945, 2011 WL 672061, at *3 (S.D.W. Va. Feb. 14, 2011)(Johnston, J.). The FCRA originally permitted state regulation of the consumer reporting industry, but was amended in 1996 to include a stronger preemption provision evidenced in two different sections of the statute. *Id.* The 1996 amendment provides, in part, that "[n]o requirement or prohibition may be imposed under the laws of any state (1) with respect to any subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681(t)(B)(1)(F). Section 1681s-2 outlines some of the duties of entities that furnish information to credit reporting agencies, including the duties to report accurate statements and conduct investigations when given notice of inaccuracies. 15 U.S.C. § 1681s-2; *see also*, *Evans*, 2011 WL 672061 at *3. The FCRA also contains a preemption provision regarding common law suits of defamation, negligence, or invasion of privacy. *Evans*, 2011 WL 672061 at *4. Section 1681h(e) of the FCRA preempts those types of common law actions against furnishers of information in certain circumstances where a plaintiff can prove malice or willful intent to injure a consumer. 15 U.S.C. § 1681h(e).

In considering how those two preemption provisions within the FCRA work together, the Southern District of West Virginia examined three different approaches in *Evans v. Trans Union,*

*LLC*, and adopted the "statutory approach." *Evans*, 2011 WL 672061 at *4-6. According to this approach, the FCRA preemption provision in 15 U.S.C. § 1681(t)(B)(1)(F) specifically preempts causes of action that arise from state statutes governing the duties of furnishers who submit information to credit reporting agencies, while the preemption provision in 15 U.S.C. § 1681h(e) specifically preempts "only certain state common law causes of action." *Evans*, 2011 WL 672061 at *6. The *Evans* court explained that the statutory approach afforded Congress the proper deference, and was supported by other district courts within the United States Court of Appeals for the Fourth Circuit. *Id.*; *Barnhill v. Bank of America*, N.A, 378 F.Supp.2d 696, 703-04 (D.S.C. 2005). This Court agrees that the statutory approach is appropriate and applies this approach to Synchrony's motion for partial judgment on the pleadings.

Here, Synchrony argues that the Plaintiff's claims under the WVCCPA should be dismissed because they are preempted under 15 U.S.C. § 1681(t)(B)(1)(F). Synchrony argues that the Plaintiff's WVCCPA claims all arise out of the same alleged activity as her FCRA claims, and that this alleged activity concerns Synchrony's responsibilities as a furnisher of information to credit reporting agencies under 15 U.S.C. § 1681s-2. Therefore, Synchrony argues that these WVCCPA claims are preempted because they arise out of a cause of action in a state statute regarding a furnisher's duties governed by 15 U.S.C. § 1681s-2. The Plaintiff argues that her claims under the WVCCPA arise from different alleged activity and therefore are not preempted.

The Court finds that the Plaintiffs WVCCPA claims are preempted and should be dismissed. The Plaintiff's WVCCPA claims allege that Synchrony, in attempting to collect a debt or obtain information, misrepresented the amount due against the Plaintiff to credit reporting agencies in violation of the WVCCPA. Section 1681s-2 of FCRA specifically prohibits a

furnisher of information from "furnish[ing] any information relating to a consumer to any consumer reporting agency if the [furnisher] knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Clearly, this claim by the Plaintiff arises out of a cause of action in a state statute that attempts to impose a requirement or prohibition on a furnisher's duty governed under 15 U.S.C. § 1681s-2, and is specifically preempted by FCRA according to 15 U.S.C. § 1681(t)(B)(1)(F).

The Plaintiff's complaint further alleges that Synchrony Bank engaged in unconscionable, oppressive, abusive, and coercive means against the Plaintiff in attempting to collect a debt, all in violation of the WVCCPA. Similarly, the Plaintiff pleads these alleged actions based on a cause of action that arises from a state law governing a furnisher's duty to appropriately furnish information to credit reporting agencies and handle credit disputes, actions governed by FCRA's Section 1681s-2. These claims are also preempted by FCRA according to 15 U.S.C. § 1681(t)(B)(1)(F).

Therefore, the Court finds that the Plaintiff's WVCCPA claims pled in Count V of the Complaint arise from a cause of action in a state statute that governs an entity's duty to properly furnish information to credit reporting agencies, activity also governed by Section 1681s-2 of FCRA. As such, these claims are preempted by 15 U.S.C. § 1681(t)(B)(1)(F) and should be dismissed.

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Defendant Synchrony Bank's Motion for Partial Judgment on the Pleadings* (Document 9) be **GRANTED** as to Count V of the Plaintiff's Complaint concerning the Plaintiff's WVCCPA claims, and that

Count V be **DISMISSED**.   Given the Plaintiff's agreement to dismiss Count VI, the Court further **ORDERS** that Count VI of the Complaint be **DISMISSED**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 4, 2016

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA